**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TERRY GORDON,**

                            **Plaintiff,**

    vs.                                                  8:13-cv-00196
                                                                   (MAD/CFH)

**JASON SCOTT; ROBERT HEINSLER, Employee, Sagamore Institute of the Adirondacks, Inc.; ROBERT HEINSLER, Employee, Sagamore Institute, Inc.; SAGAMORE INSTITUTE OF THE ADIRONDACKS, INC.; SAGAMORE INSTITUTE; YET TO BE IDENTIFIED NEW YORK STATE RESIDENT, VOLUNTEERS/EMPLOYEES, OF SAGAMORE OF THE ADIRONDACKS, INC.; YET TO BE IDENTIFIED NYS RESIDENT VOLUNTEERS/EMPLOYEES, OF THE SAGAMORE INSTITUTE, INC.; YET TO BE IDENTIFIED SAGAMORE INSTITUTE OF THE ADIRONDACKS INC. CORPORATE OFFICERS AND DIRECTORS; and YET TO BE IDENTIFIED SAGAMORE INSTITUTE, INC.'S CORPORATE OFFICERS AND DIRECTORS,**

                            **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**TERRY GORDON**
P.O. Box 303
Keesville, New York 12944
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Jason Scott

**RYAN, SMITH & CARBINE, LTD.**         **MARK F. WERLE, ESQ.**
134 Main Street
P.O. Box 75
Whitehall, New York 12887

Attorney for Defendants Robert Heinsler,
Sagamore Institute of the Adirondacks, Inc.,
and Sagamore Institute, Inc.

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* plaintiff Terry Gordon ("Plaintiff") commenced this action against Jason Scott ("Scott"), Robert Heinsler ("Heinsler"), Sagamore Institute of the Adirondacks, Inc. and its corporate officers and directors ("Sagamore[1]"), Sagamore Institute, Inc. and its corporate officers and directors ("Sagamore"), and various, unidentified "John Doe" defendants asserting a variety of claims arising out of an incident occurring on October 17, 2010. *See* Dkt. No. 1-2 at 4.[2] Plaintiff's complaint alleges that on that date, Defendants Scott and Heinsler carried out a conspiracy to violate Plaintiff's rights. *See generally id.* Plaintiff's complaint also alleges that Sagamore failed to supervise employees and volunteers participating in unlawful activities. *See id.* at 12-13. Plaintiff seeks $5,500,000 in compensation for these violations. *See id.* at 14.

Currently before the court are Defendants' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16-1 at 3; Dkt. No. 18-1 at 2. Plaintiff opposes the motion. *See* Dkt. No. 19 at 1.

### II. BACKGROUND

---

[1] Sagamore Institute of the Adirondacks, Inc. was formerly known as Sagamore Institute, Inc. *See* Dkt. No. 20-2 at 1. While Plaintiff brings this action against both entities, he asserts the same claims against each. *See* Dkt. No. 4 at 12-13. Plaintiff also sues the Directors of Sagamore for the same claims. *See id.* As such, the Court will refer to these Defendants collectively as "the Sagamore Defendants."

[2] To avoid confusion, whenever the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

2

The facts of this case are taken from Plaintiff's amended complaint and are, for the purposes of Defendants' motions, presumed to be true. On October 17, 2010, Plaintiff was detained in the parking lot of the Sagamore Lodge. *See* Dkt. No. 1-2 at 4. Plaintiff alleges that his detention was the unlawful first step of a scheme to deny him of his rights. *See id.* According to Plaintiff, Defendants Scott and Heinsler conspired to deny him of his rights and carried out their plan, during which time Defendant Sagamore failed to supervise or stop them. *See id.* at 4, 12. Plaintiff alleges that Defendants Scott and Heinsler took away his muzzleloader, subjected him to various torts, and violated his rights. *See id.* at 2-4. Plaintiff's complaint includes no other background information regarding the events at issue. *See generally id.*

Plaintiff's complaint, liberally construed, alleges twenty-eight claims against Defendants, including: (1) violation of his Second Amendment rights;[3] (2) malicious prosecution, in violation of his Fourth Amendment rights;[4] (3) false arrest, in violation of his Fourth Amendment rights;[5] (4) excessive force, in violation of his Eighth Amendment rights; (5) denial of procedural due process, in violation of his Fourteenth Amendment rights;[6] (6) denial of substantive due process, in violation of his Fourteenth Amendment rights;[7] (7) conspiracy to commit these violations; (8)

---

[3] *See* Dkt. No. 1-2 at ¶ 6.

[4] *See* Dkt. No. 1-2 at ¶¶ 17, 38, 65, 76.

[5] Plaintiff alleges that Defendants Scott and Heinsler committed (1) false arrest, *see* Dkt. No. 1-2 at ¶¶ 8, 31, 57; (2) unlawful detention, *see id.* at ¶¶ 4, 5, 55; and (3) false imprisonment, *see id.* at ¶¶ 7, 10, 33, 53, 56, 59, 91. These actions are consolidated for analysis. *See, e.g.*, *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (finding false arrest to be a "species" of false imprisonment protecting the interest of freedom from restraint of movement) (quotation omitted).

[6] Plaintiff's procedural due process claims include: (1) denial of his right to property without due process, *see* Dkt. No. 1-2 at ¶ 6; and (2) abuse of process, *see id.* at ¶¶ 20, 41, 68, 79.

[7] Plaintiff's substantive due process claims include: (1) denial of his right to privacy, *See* Dkt. No. 1-2 at ¶ 26; and (2) defamation, *See id.* at ¶¶ 25, 46, 84.

3

violation of his First Amendment rights; (9) violation of his Third Amendment rights; (10) violation of his Fifth Amendment rights; (11) denial of equal protection of the laws, in violation of his Fourteenth Amendment rights; (12) theft, fraud, and other larcenous acts; (13) intentional and negligent infliction of emotional distress; (14) conspiracy, pursuant to 42 U.S.C. § 1985[8]; and (15) fourteen claims pursuant to New York State law.[9] *See id.*

### III. PROCEDURAL HISTORY

Plaintiff originally filed this action on January 18, 2013 in the Supreme Court of the State of New York, Essex County. *See* Dkt. No. 1 at 1. Defendants removed to this Court pursuant to 28 U.S.C. § 1343(a)(3). *See id.* at 2.

After the action was removed to this Court, all named Defendants filed motions to dismiss Plaintiff's complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16-1 at 3; Dkt. No. 18-1 at 2. Plaintiff has opposed these motions. *See* Dkt. No. 19.

Thereafter, as a result of actions allegedly taken by Plaintiff against the Sagamore Institute and its employees, Defendants Heinsler and Sagamore filed a motion for a temporary restraining order and preliminary injunction against Plaintiff. *See generally* Dkt. No. 20-1. Defendants Heinsler and Sagamore Institute also seek leave to amend their March 1, 2013 First Amended Answer in order to include additional counterclaims. *See* Dkt. No. 23-1 at 2.

### IV. DISCUSSION

---

[8] *See* Dkt. No. 1-2 at ¶¶ 1, 8, 17, 21, 29, 30, 31, 38, 48, 57, 65, 69, 76, 80, 86.

[9] Violations of New York Constitutional, Public Health, and Environmental Conservation laws; false arrest; unlawful detention; false imprisonment; assault; battery; negligent and intentional infliction of emotional distress; malicious prosecution; fraud; theft; and defamation.

4

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).

When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g.*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The court is not bound, however, to accept as true legal conclusions with the appearance of factual statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a 12(b)(6) motion where the plaintiff provides no "plausible" basis to support his claims. *See Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further,

when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

In the present matter, Plaintiff has failed to plead facts sufficient to state a claim for the various alleged violations of his constitutional and civil rights under 42 U.S.C. § 1983. Plaintiff's 110 paragraph complaint simply repeats the date of the alleged incident, October 17, 2010, and then states the alleged right Defendants' conduct violated. *See* Dkt. No. 1-2. For example, Plaintiff alleges that "[o]n October 17, 2010 Jason Scott, individual, acting Under the Color of Law, did without any 'Just Cause' 'Probable Cause' and[/]or 'Judicial Warrant' detain plaintiff against his will." *See id.* at ¶ 4. Thereafter, Plaintiff alleges that "[o]n October 17, 2010 Jason Scott, individual, acting under 'The Color of Law' did without probable cause and or judicial warrant detain plaintiff against his will by placing him in 'Custodial Detention' without lawful cause." *See id.* at ¶ 5. The complaint repeats in this manner, without providing any details about how his rights were allegedly violated by the named Defendants.

Plaintiff's complaint is devoid of any factual allegations suggesting that any of the named Defendants violated his constitutional rights. Plaintiff's conclusory allegations consist solely of recitations of the elements of the relevant causes of action and are insufficient to state a claim that would entitle him to relief. *See Iqbal*, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Twombly*, 550 U.S. at 555 (holding that mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not entitled to a presumption of truth).

6

The complaint contains nothing more than a litany of redundant statements that simply recite the elements of the causes of action, with each statement ending with the conclusory statement that the specified Defendant unlawfully harmed him. These bare allegations are insufficient to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 676 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quotation omitted).

Based on the foregoing, the Court grants Defendants' motions to dismiss.

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Due to the lack of factual allegations in the complaint, the Court is unable to determine whether granting Plaintiff leave to amend would be futile. In light of his *pro se* status, however, the Court will afford Plaintiff the opportunity to file an amended complaint if he desires to proceed with this action. Any amended complaint that Plaintiff submits in response to this Memorandum-Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals engaged in acts of misconduct or wrongdoing which violated his constitutional rights. In preparing his amended complaint, Plaintiff is advised that the personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, *see McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977); and the doctrine of

7

respondeat superior is inapplicable to these claims, *see Polk County*, 454 U.S. at 325; *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973). Thus, any amended complaint filed by Plaintiff must include allegations of wrongdoing by an identifiable defendant sufficient to demonstrate his or her personal involvement in the matters about which Plaintiff complains. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff shall have thirty (30) days from the filing date of this Memorandum-Decision and Order to file an amended complaint. Plaintiff's failure to timely file an amended complaint will result in the dismissal of this action, without further order of this Court.

## V. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motions to dismiss (Dkt. Nos. 16 &18) are **GRANTED**; and the Court further

**ORDERS** that all of Plaintiff's claims are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall have **THIRTY (30) DAYS** from the filing date of this Memorandum-Decision and Order to file an amended complaint. Plaintiff's failure to timely file an amended complaint will result in the dismissal of this action, without further order of this Court; and the Court further

**ORDERS** that the parties' remaining pending motions (Dkt. Nos. 14, 20 & 23) are **DENIED without prejudice to renew** in light of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2014
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge